### T. G. REECE v. THE STATE.

#### No. 612.   Decided May 25, 1910.

**Local Option—Continuance—Want of Diligence.**

Where, upon trial of a violation of local option law, defendant's application for continuance showed a want of diligence, the same was properly overruled.

Appeal from the County Court of Fannin.   Tried below before the Hon. H. A. Cunningham.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and twenty days confinement in the county jail.

The opinion states the case.

*McGrady & McMahon,* for appellant.—Cited Preston v. State, 4 Texas Crim. App., 186; Myers v. State, 7 Texas Crim. App., 640; Vickery v. State, 7 Texas Crim. App., 401.

*John A. Mobley,* Assistant Attorney-General, for the State.—Cited Payton v. State, 35 Texas Crim. Rep., 508.

DAVIDSON, PRESIDING JUDGE.—This conviction was for violating the local option law; the punishment being assessed at a fine of $50 and twenty days imprisonment in the county jail.

1.   When the case was called for trial appellant filed an application for continuance on account of the absence of Will Young. The prosecution began by affidavit and information on the 6th day of April, 1909. The judgment was rendered on the 4th of November, the same year. The application for continuance in regard to diligence shows on April 27 appellant had subpoena issued for the witness Young, as well as other witnesses, which was returned into court on October 6, 1909, showing no service on the witness. On the latter date appellant caused another subpoena to issue for the witness and Clarence McCollum. This subpoena demanded the appearance of the witnesses on the day of the application, to wit,

November 4. It is alleged that the sheriff used no diligence and made no attempt to serve the witness until the day before the filing of the application, and that the return on the subpoena showed no service and no reason for not securing service on the witness; that witness lived about fourteen miles southwest of Bonham until within a few days of the trial and near the prosecuting witness; that about a week before the filing of this application for continuance witness had moved to some point north of Savoy in the same county. We are of opinion the diligence is not sufficient, especially in view of the qualification to the bill of exception by the court, which is in the following language: "That this was the sixth term of court since case was filed. The case had been continued before by consent three times, by the State once, and by defendant once and the foregoing application of defendant is a second application for a continuance." We are of opinion that the court was not in error in refusing this continuance. There had been no return on the first process issued on the 27th of April until the 6th of October, about a month before the trial. There had been several continuances of the case in the meantime, but for what reason it is not shown by this application. These continuances, however, had been by agreement, except one by the State and one by the defendant. Appellant was legally bound to know whether his witnesses were in attendance at former terms of the court, and the presumption would be that former continuances were on account of the absence of witnesses, there being no showing to the contrary; especially would this apply where the defendant himself had been granted a continuance. We are of opinion that the diligence is not sufficient. This is the only question argued by appellant in his brief.

The judgment is affirmed.

*Affirmed.*